# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

WILLIAM E. JONES, JR., #189783,

        Petitioner,

v.                                    ACTION NO. 2:10cv255

HAROLD W. CLARKE,[1]
Director of the Virginia
Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c)(1) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

## I. STATEMENT OF THE CASE

Petitioner William E. Jones, Jr. ("Jones") is presently incarcerated at the St. Brides Correctional Center in Chesapeake, Virginia, serving a total sentence of 47 years, 14 months, and 60 days for convictions dating back to 1991 in the Virginia state court system. Resp't Br. in Supp. Mot. to Dismiss, Ex. 3, ECF No. 12 ("Resp't Br."). On its face, the present petition challenges a conviction in the Circuit Court for the City of Suffolk rendered on February 1, 2006, with a

---

[1] It is ORDERED that the petition shall be deemed amended to substitute as the sole respondent in this proceeding Harold W. Clarke, Director of the Virginia Department of Corrections. See Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts (foll. 28 U.S.C. § 2254).

resulting three year sentence imposed for this conviction on May 4, 2006. Pet. 1, ECF No. 1. Jones directly appealed the February 1, 2006 conviction to the Virginia Court of Appeals and the appeal was denied on December 29, 2006. *Id.* at 2. Jones subsequently filed an appeal to the Supreme Court of Virginia and the request was denied on February 26, 2007. *Id.* Jones proceeded to file a *Nunc Pro Tunc* proceeding in the Circuit Court for the City of Suffolk on December 4, 2008, which was dismissed. *Id.* at 3. Jones filed a Petition for Writ of Mandamus with the Supreme Court of Virginia on August 24, 2009. Resp't Br. Ex. 1. The Supreme Court of Virginia dismissed that Petition as untimely on December 15, 2009. *Id.* Jones then attached the denied Petition for Writ of Mandamus to a new Petition for a Writ of Habeas Corpus and filed this with the Supreme Court of Virginia on February 8, 2010. Resp't Br Ex. 2. The Supreme Court of Virginia dismissed Jones's Petition for Writ of Habeas Corpus on April 19, 2010, finding that habeas corpus did not lie in the matter presented. *Id.*

Jones filed the present petition on or about May 28, 2010. Respondent filed a Rule 5 Answer and Motion to Dismiss (ECF No. 11) on September 3, 2010. The Court granted Jones two motions for extension of time to file a response to the motion to dismiss, and Jones filed a Memorandum in Opposition to Respondent's Motion to Dismiss on November 9, 2010. ECF No. 19. Accordingly, this matter is now ripe for adjudication.

**Grounds Alleged**

Jones asserts that he is entitled to relief under 28 U.S.C. § 2254 because:

(1) "Petitioners attribution of an erroneous release date, due to court & legal's miscalculation of Petitioners incured revocation sentence;" and,

  (2) "The Virginia Department of Correction, court & legal division's refusal to manually calculate petitioners sentence, despite the presentment of information and documentation in support of such findings."

Pet. 4-5.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

  Jones's claims are barred by the federal habeas statute of limitations. The statute of limitations for actions under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) (2006).

  On August 24, 2009, Jones filed a Petition for a Writ of Mandamus in the Virginia Supreme Court alleging his release date had been erroneously calculated. Resp't Br. Ex. 1 at 1. Jones asserted the Virginia Department of Corrections ("VDOC") had calculated his release date as March 7, 2022, when it should have been June 6, 2013, and that he had repeatedly presented his argument to the VDOC officials without the error being corrected. *Id.* at 1, 7. Jones referred to a March 31, 2008 letter written by an institutional attorney to Wendy K. Brown, Manager of the Court and Legal Services Section for the VDOC, stating Jones's sentence included a now void distribution sentence, and Ms. Brown's response that his record did not contain a distribution sentence. *Id.* at 5-6. Lastly, Jones stated the VDOC had "[strung] every sentence ever imposed on Jones, together, consecutively, without taking into consideration (1) the time Jones has actually previously served on these sentences in previous D.O.C. commitments (i.e., in 1990 and 1993) and (2) the specific

language of the final orders generated from the sentencing court for these cases (e.g. termination of Jones' distribution cases, etc.)." *Id.* at 7-8. The Virginia Supreme Court dismissed Jones's Mandamus Petition finding it had not been timely filed pursuant to Virginia Code § 8.01-644.1. *Id.* at 18.

Jones then attached the denied Mandamus Petition to a Petition for a Writ of Habeas Corpus, which he filed in the Supreme Court of Virginia on February 8, 2010. Resp't Br. Ex. 2. On the form petition, Jones stated the VDOC refused to correct his miscalculated sentence which should reflect a release date of June 6, 2013, and not March 7, 2022. *Id.* at 4. The Virginia Supreme Court dismissed the petition finding "habeas corpus does not lie in this matter," citing *Carroll v. Johnson*, 685 S.Ed.2d 647, 652 (2009). *Id.* at 24.

In support of his present federal petition, Jones has attached a "Legal Update" dated August 16, 2006, which reflects a projected mandatory release date of October 29, 2018. Pet. Ex. 1 at 4. He relies upon a letter written by an institutional attorney on March 31, 2008, asserting his release date was calculated incorrectly. Resp't Br. Ex. 1 at 6. Jones signed a Mandamus Petition on August 20, 2009, asserting the same claims brought in the present federal petition, *id.*, and a Petition for Writ of Habeas Corpus in the Virginia Supreme Court containing the same claims on February 1, 2010, *id.* Ex. 2.

Jones's limitations period began to run "on the date the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1) (2006). This date is arguably August 16, 2008, the date of the "Legal Update" attached to Jones's petition, but certainly prior to March 31, 2008, when the institutional attorney wrote the VDOC on behalf of Jones claiming Jones's release date was incorrectly calculated.

Therefore, the federal statute of limitations expired on March 31, 2009. Jones did not sign his Mandamus Petition filed in the Supreme Court of Virginia until August 20, 2009, and his state habeas petition was not signed until February 1, 2010.

Further, as neither Jones's Mandamus Petition nor his state habeas petition were properly filed, these filings did not toll the federal statute of limitations. Pursuant to 28 U.S.C. § 2244(d)(2) (2009), only "properly filed applications for State post-conviction or other collateral review . . . shall not be counted toward any period of limitation under this subsection." If a state court rejects a petitioner's petition as "untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005). Consequently, Jones's present federal petition, filed May 28, 2010, is barred by the one-year federal statute of limitations.

Furthermore, Wendy K. Brown, Manager of the Court and Legal Services Section for the VDOC, submitted an affidavit explaining the calculation of Jones's release date, including the jail credit for time Jones served dating back to December 1, 1990. Resp't Br. Ex. 3. Jones has presented no evidence in support of his assertion that his release date has been miscalculated; therefore, his petition would fail on the merits.

### III. <u>RECOMMENDATION</u>

For the foregoing reasons, the Court recommends the petition for writ of habeas corpus be DENIED as barred by the statute of limitations, and the respondent's motion to dismiss be GRANTED.

Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. *See Miller-El v. Cockrell*, 537

U.S. 322 (2003).

## IV.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

_____/s/_____
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
February 11, 2011

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:


William E. Jones, Jr., #189783
St. Brides Correctional Center
Post Office Box 16482
Chesapeake, Virginia 23328


Mark R. Davis, Esq.
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219


Fernando Galindo, Clerk


By _____
       Clerk of the Court

       February    , 2011